IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAMAR O. COMER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 11-1013-SLR |
| ) | |
| PERRY PHELPS, Warden, ) | |
| and ATTORNEY GENERAL ) | |
| OF THE STATE OF ) | |
| DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

At Wilmington this 8+ day of February, 2013;

IT IS ORDERED that petitioner Lamar Comer's motion for representation by counsel (D.I. 18) is **DENIED** without prejudice to renew, for the reasons that follow:

1. It is well-settled that a petitioner does not have an automatic constitutional or statutory right to representation in a federal habeas proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). Nevertheless, a court may seek representation by counsel for a petitioner who demonstrates " special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *See Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

2. Here, petitioner requests representation by counsel because: the judge who presided over his state post-conviction proceeding was the same judge who presided over his criminal trial; he was provided ineffective assistance of counsel during his criminal trial; and the judge's failure to appoint counsel to represent him during his state collateral proceeding constitutes cause for any procedural default. None of these reasons, however, persuade the court that the interests of justice require representation of counsel at this time. Additionally, petitioner's other filings in this case demonstrate his ability to sufficiently articulate his arguments, and it does not appear that expert testimony will be necessary or that the ultimate resolution of the petition will depend upon credibility determinations.

IT IS FURTHER ORDERED that petitioner's additional request for briefing and trial records (D.I. 18) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

2